# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON CORNELL ROBINSON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:24-CV-238 CDP |
| GREGORY HANCOCK,[1] | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Aaron Cornell Robinson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b). Additionally, Robinson's motion for leave to proceed in forma pauperis will be denied as moot. ECF No. 2.

## Background

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On March 25, 2010, a jury found Petitioner guilty of one count of first-degree murder and armed criminal action. *State v. Robinson*, Case No. 0722-CR07110 (22nd Jud. Cir., City of St. Louis).[2] On April 23, 2010, Petitioner was sentenced to life without the possibility of probation or

---

[1] The filing named Bill Stange as the Respondent, who is no longer Petitioner's custodian. At present, Gregory Hancock is the warden of Southeast Correctional Center. *See* https://doc.mo.gov/facilities/adult-institutions/warden-listing (last visited Jan. 8, 2025). Therefore, Gregory Hancock has been substituted as the proper party respondent. See Rule 2(a), Rules Governing Section 2254 Cases In The United States District Courts ("the petition must name as respondent the state officer who has custody"); *see also Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004) (in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

[2] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2

parole. *Id.* Petitioner appealed his conviction, which was denied. *State v. Robinson*, 330 S.W.3d 867 (Mo. App. E.D. 2011). Petitioner filed a Rule 29.15 motion for post-conviction relief. *Robinson v. State*, Case No. 1122-CC01665 (22nd Jud. Cir., Cty. of St. Louis). The motion was denied, and the denial was affirmed on appeal. *Robinson v. State*, 519 S.W.3d 815 (Mo. App. E.D. 2017).

On June 25, 2012, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. On May 31, 2013, Petitioner filed a writ of habeas corpus in state circuit court based on the *Miller* decision. *Robinson v. Russell*, Case No. 13SF-CC00109 (Cir. Ct., St. Francois Cnty.). The circuit court denied relief. Petitioner then filed a writ of habeas corpus with the Missouri Court of Appeals. *In re Aaron Robinson*, Case No. SD33155 (Mo. Ct. App. S.D.), which denied Petitioner's claim as procedurally barred on October 15, 2014. The Missouri Supreme Court granted transfer on March 31, 2015.

On January 27, 2016, while Petitioner's habeas action was pending before the Missouri Supreme Court, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), holding that *Miller* applied retroactively. On March 15, 2016, the Missouri Supreme Court ordered that because the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision for juveniles mandatorily sentenced to life without parole, Petitioner and similarly situated offenders would be eligible to apply for parole after 25 years' imprisonment unless their life without parole sentences were brought into conformity with *Miller* and *Montgomery* by legislative or gubernatorial action. The Missouri Supreme Court's

---

(8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

order also denied without prejudice "all other claims alleged in the petition and pending motion." Petitioner filed a motion for reconsideration on March 25, 2016.

On July 13, 2016, Missouri Governor Jay Nixon signed into law Missouri Senate Bill No. 590, codified at Mo. Rev. Stat. § 558.047, eliminating mandatory life sentences for juveniles and providing juveniles serving mandatory sentences of life without parole an opportunity to petition the parole board for a sentencing review after serving 25 years. On July 19, 2016, the Missouri Supreme Court issued an order vacating its March 15, 2016 order, overruling Petitioner's motion for rehearing as moot, and denying Petitioner's state court petition.

On January 3, 2017, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See Robinson v. Lewis*, Case No. 4:17-CV-4-HEA (E.D. Mo.). He filed his first amended petition on January 4, 2018. *Id.* at ECF No. 13. Petitioner sought relief on three grounds: (1) his sentence remains unconstitutional under *Miller* in spite of the enactment of Mo. Rev. Stat. § 558.047 and Missouri Supreme Court's July 19, 2016 decision; 2) a *Batson* claim involving the strike of an African American juror; and 3) trial counsel was ineffective for failing to offer a modified self-defense jury instruction hypothesizing "multiple assailants."

On March 26, 2020, the Honorable Judge Henry E. Autrey stayed the amended petition pending exhaustion of Petitioner's state court remedies. *Id.* at ECF No. 27. Petitioner's *Batson* and ineffective assistance of counsel claims were properly exhausted in state courts on direct appeal and post-conviction relief proceedings, respectively. However, the Court found Petitioner's arguments in support of his first claim were unexhausted. Petitioner's last pleading filed before the Missouri Supreme Court, his motion for reconsideration, was filed on March 25, 2016, months before § 558.047 became law. Because Petitioner had not presented the issues regarding

3

deficiencies of § 558.047 before Missouri state courts, the Court found it could not rule on Petitioner's unexhausted claims and ordered the stay until Petitioner exhausted his state court remedies.

On September 18, 2023, this Court denied Petitioner's amended habeas petition. *Id.* at ECF No. 65. As to the first claim, the Court found that he failed to exhaust it in state court despite being given ample opportunity to do so. As to the remaining claims, they were denied on their merits. *Id.* Petitioner was instructed that if he "desire[d] further review of his motion, he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals." *Id.* Petitioner did not file a notice of appeal.

## Instant Petition

On December 30, 2024, Petitioner filed a second petition under 28 U.S.C. § 2254. ECF No. 1. The caption identified the case number as "4:17-cv-0004-HEA." Within, Plaintiff appears to argue issues related to his state criminal case, specifically that he was "denied a competency hearing, evidentiary hearing, due process and a mental evaluation due an ineffective assistance of counsel trial court error" and "illegal waiver by counsel without [his] consent or signature." *Id.* at 4.

## Discussion

Petitioner is a self-represented litigant who brings the instant habeas petition pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition must be denied and dismissed because it is successive. *See* 28 U.S.C. § 2244(b).

4

**A. Successive Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a successive application that were not presented in a prior application, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition").

In this case, as noted above, Petitioner filed his first 28 U.S.C. § 2254 petition on January 3, 2017. *See Robinson v. Lewis*, Case No. 4:17-CV-4-HEA (E.D. Mo.). The petition was denied on September 18, 2023. Because Petitioner has filed a prior petition, the instant 28 U.S.C. § 2254 amended petition is successive. To the extent that Petitioner seeks to relitigate claims he brought in his original 28 U.S.C. § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. Therefore, the petition must be

denied and dismissed as successive. Further, if it is Petitioner's intent to file this action in lieu of an appeal of the first habeas petition, such an attempt is not appropriate.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears Petitioner is not entitled to relief because he has previously filed a habeas petition in this Court, making the instant petition successive. Moreover, Petitioner has not received authorization from the United States Court of Appeals for the Eighth Circuit, meaning that the Court cannot consider his petition.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Dated this 15th day of January, 2025.

                                                  */s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE